No. 35,334

In the Matter of the Application of VIRDO JONES, for a Writ of Habeas Corpus. (VIRDO JONES, *Petitioner*, v. MILTON F. AMRINE, Warden Kansas State Penitentiary, and THE STATE OF KANSAS, *Respondent*.)

(121 P. 2d 263)

Opinion filed January 24, 1942.

*Lucien B. Rutherford,* of Leavenworth, for the petitioner.

*Jay S. Parker,* attorney general, *Jay Kyle,* assistant attorney general, for the respondent.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in habeas corpus whereby petitioner seeks his release from the state penitentiary.

Although the application for the writ is inartistically drawn, it discloses that petitioner is now confined under a judgment of the district court of Geary county finding him guilty of burglary in the second degree, and that petitioner alleges his confinement is illegal for four reasons: (1) That he was not guilty of the crime charged; (2) that he was never apprised of his constitutional right of trial within the purview of the Fourteenth Amendment of the Constitution of the United States; (3) that he was denied counsel by the trial court at his trial and by coercion, fraud and deceit was deprived of a fair trial; and (4) that his sentence under the indeterminate sentence law was prejudicial.

The answer of the respondent and documents attached thereto showed that petitioner is held at the state penitentiary under a commitment issued pursuant to his having been found guilty on January 1, 1940, of the offense of burglary in the second degree occurring on December 17, 1939, the answer putting in issue the questions of fact presented by grounds 2 and 3 of petitioner's application.

Thereafter the petitioner filed another document entitled "Petitioner's Answer," which contains a restatement of his petition, a reply to respondent's answer, and some argumentative matter.

Upon this state of the record this court ordered a trial upon the questions of fact included in the second and third grounds of petitioner's application, the evidence to be heard by Justice Thiele of this court.

When the matter came on for trial it appeared that petitioner was without counsel to present his application, and upon his request counsel was appointed, and after opportunity for consultation between petitioner and counsel, the testimony was taken, and at its conclusion oral argument was waived, briefs to be filed after the testimony was transcribed.

The matter now comes on for further hearing on the transcript of the testimony and the briefs of both parties. The court, having examined the transcript, finds there is no substantial dispute of fact; that upon his arraignment at his trial in the district court, the petitioner had no counsel and made no request for the appointment of counsel, but entered his plea of guilty of the offense charged. The trial court did not inquire of petitioner whether he desired counsel nor advise him he was entitled to counsel, but did inquire of petitioner concerning his age, the particulars of the offense with which he was charged, his family situation and whether he had any reason to give why he should not be punished for the offense as provided by law. Prior to his arraignment, petitioner asked the county attorney to see him, and during a conversation between the two asked about the sentence if he pleaded guilty. Petitioner did not contend he was in any manner forced or pursuaded to plead guilty. There is some discrepancy between petitioner's testimony and that of the county attorney as to what was said about a minimum sentence, but petitioner stated the county attorney made no promise as to what the sentence would be. The court finds no advantage was taken of petitioner on account of the conversation as to length of sentence. At the hearing a ruling on objection to the

testimony of the county attorney with respect to the trial judge's usual practice and custom was reserved. The objection is now sustained and that testimony is disregarded.

We take up in order the several grounds alleged in petitioner's application. The first is that petitioner was not guilty of the offense charged. That ground is not pressed in the briefs. It may be fully disposed of by saying that a proceeding in habeas corpus is not a substitute for an appeal.

The next two grounds, that petitioner was never apprised of his right to counsel and that he was denied counsel will be considered together. The testimony clearly shows petitioner was never specifically denied counsel—if there was any denial it was such as would be inherent in the sufficiency of his contention he was never advised he was entitled to counsel. It is to be observed that all matters of which complaint is made occurred prior to the enactment of Laws of 1941, ch. 291, providing in detail for the appointment of counsel for an accused and repealing G. S. 1935, 62-1304 and 62-1516, both of which were in effect at the time of petitioner's trial in the district court. No question arises here under the last mentioned section and it need not be noted further. Under section 1304 it was provided that if any person about to be arraigned on information for felony was without counsel or unable to employ any, it was the duty of the trial court to assign him counsel at his request.

In a case where a boy, seventeen years of age, was charged with seven counts of murder in the first degree, who on his arraignment pleaded not guilty, and who later, without benefit of counsel, changed his plea to guilty, and who later attempted to withdraw the latter plea, which was denied, it was held the failure of the court to appoint counsel when the plea was changed to guilty was in violation of his rights under section 1304, great weight being placed on the gravity of the offense and the tender age of the accused. (*State v. Oberst*, 127 Kan. 412, 273 Pac. 490.) The reasoning of that case does not compel its application here, for the accused is an adult and the offense charged is much less grave. Neither was there ever any attempt to change the plea.

In effect, the contention here is simply that petitioner is unlawfully held in the penitentiary because at his trial in the district court and when he was about to be arraigned the trial court did not first say to him he was entitled to counsel and that if he did not have counsel and was unable to employ any, on his request the court

would assign him counsel. Petitioner directs our attention to *State v. Moore*, 61 Kan. 732, 60 Pac. 748, the first syllabus of which reads:

"A person accused of crime is entitled to the assistance of counsel at every step and stage of the prosecution."

In that case, however, the accused had counsel, who had been advised as to when the cause would be set for trial. On a preceding day the accused was brought into court and, in the absence of his counsel, was required to plead to the information and entered a plea of not guilty. Later the trial proceeded and resulted in a verdict of guilty. Contention was made that counsel were not aware of the arraignment, and did not discover it until they attempted to attack the information at the close of the trial, and this court said that under the circumstances, the arraignment in the absence of counsel was in effect a denial of a fundamental right and material error. That case may be said to be extreme.

In the case at bar the petitioner sent for the county attorney, and so far as the record is concerned, the only thing that determined his course of action was that he be advised as to what the possible sentence would be. No one made him any promises and no one exerted any pressure of any kind to induce him to plead guilty. At his arraignment he was questioned by the judge of the trial court concerning himself, his family, the details of the offense, etc., at which time he had an ample opportunity to give the facts. The statute did not require the trial court to appoint counsel in the absence of request by the accused, and there is nothing in the record that discloses his rights were invaded in any particular. We need not review any provision of our bill of rights for it is not contended that any have been invaded further than as included in the cases mentioned above. We cannot hold that under the constitution and laws of this state petitioner's rights were invaded or that he did not have a legal and a fair trial simply because the trial court did not advise him as to circumstances under which he might have been entitled to have counsel assigned him.

Whether the failure of the trial court to advise petitioner of his right to counsel invaded his rights under the fourteenth amendment to the constitution of the United States remains to be examined. In his brief petitioner refers also to the sixth amendment, but we shall not separately discuss it in view of the holdings of the supreme court of the United States that the amendment was intended to apply exclusively to powers exercised by the federal government, and is not

a limitation upon the powers of the several states. (*Eilenbecker v. Plymouth County*, 134 U. S. 31, 10 S. Ct. 424, 33 L. Ed. 801; *Lloyd v. Dollison*, 194 U. S. 445, 24 S. Ct. 703, 48 L. Ed. 1062; *Howard v. Kentucky*, 200 U. S. 164, 26 S. Ct. 189, 50 L. Ed. 421.)

In support of his contention that because the trial court did not advise him respecting his right of counsel he was deprived of "liberty . . . without due process of law" under the fourteenth amendment to the constitution of the United States, petitioner directs our attention to *Johnson v. Zerbst*, 304 U. S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461. That case cannot be said to support the contention now made. That action was in habeas corpus to determine legality of imprisonment following conviction in a United States district court. It was shown that the petitioner, although represented by counsel at a preliminary hearing, was without counsel when he was arraigned. At the arraignment he pleaded not guilty and told the court he had no lawyer, but in response to an inquiry by the court he stated he was ready for trial. He was tried, convicted and sentenced, without assistance of counsel. It was developed on hearing of the habeas corpus action that petitioner had made no request to the trial judge, but had made request of the district attorney, who replied that in the state where the trial was had the court did not appoint counsel unless the defendant was charged with a capital crime. Without reviewing the decision fully it may be said the appellate court held that under the sixth amendment he was entitled to the assistance of counsel unless he waived it; and that—

"A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." (l. c. 464.)

It was further said in the opinion:

"It must be remembered, however, that a judgment cannot be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ." (l. c. 468.)

In *Erwin v. Sanford, Warden,* 27 F. Supp. 892, application for writ of habeas corpus was made on the ground the petitioner was denied his constitutional right of counsel, and it was held that where the accused without counsel freely and voluntarily pleaded guilty he was not denied his constitutional right of counsel, and—

"Where a person, without counsel, admits his guilt of crime and does not ask for or desire a trial, but wishes rather to plead guilty and submit himself to the mercy of the court, and freely and voluntarily enters such plea, his conduct is a competent and intelligent waiver of his constitutional right to assistance of counsel." (l. c. 893.)

After quoting from *Johnson v. Zerbst,* supra, as included in the last quotation above given, the court further said:

"The rule announced by the supreme court applies with even greater force where the judgment is entered upon an uncoerced plea of guilty freely and voluntarily made." (l. c. 893.)

In *Cundiff v. Nicholson, Warden,* 107 F. 2d 162, on appeal from an order refusing release on writ of habeas corpus on the ground that at his trial petitioner was not represented by counsel, that no counsel was assigned to him and that he had not waived his right, it appeared that at his trial he freely and voluntarily had pleaded guilty. In an opinion by Parker, circuit judge, it was said:

"We do not think that the plea of guilty was vitiated or that the sentence imposed was avoided by reason of the fact that appellant was not represented by counsel in the district court. Where an accused personally enters a plea of guilty to a crime whereof he stands charged, and does so understandingly, freely and voluntarily without asking the assistance of counsel, a waiver of the right to be represented by counsel may fairly be inferred." (l. c. 163.)

In support of that statement, the court cited *Erwin v. Sanford,* supra, and quoted from *Johnson v. Zerbst,* supra, the second quotation therefrom above given.

Any argument that the petitioner—not having been advised by the trial court as to the conditions under which he might have counsel assigned to him—could not intelligently waive his right to counsel, ignores the particular facts and circumstances surrounding the case. Petitioner's own testimony shows that on his own motion he sent for the county attorney, who made him no promises, but told him of the maximum and minimum under the indeterminate sentence law. He does not contend he asked anyone, court, clerk, county attorney, or anyone else, for counsel. Upon arraignment he told the trial judge about himself, his family situation, the circumstances of the offense, and in response to a question whether there was any reason why he

should not be punished according to law, he stated no reason. In view of the fact the statute provided only for assignment of counsel on his request, and in view of all that transpired, we hold that petitioner waived his right to counsel and that his rights under the constitution of the United States were not invaded.

Petitioner's contention his sentence is indefinite and uncertain is not stressed and we do not know in what particular he claims to have been prejudiced. So far as the record discloses he was properly sentenced under G. S. 1935, 62-1521. That act has been held to be constitutional (*State v. Stephenson*, 69 Kan. 405, 76 Pac. 905; *State v. Knoll*, 69 Kan. 767, 77 Pac. 580) and an indeterminate sentence under it is not void for uncertainty. (*In re Mote*, 98 Kan. 804, 160 Pac. 223.) It has not been made to appear that petitioner is entitled to any relief under this ground of his application.

The application for the writ of habeas corpus is denied.