No. 36,808

JOHN BRANDT, JR., *Petitioner,* v. ROBERT H. HUDSPETH, Warden of the Kansas State Penitentiary, *Respondent.*

(178 P. 2d 224)

Opinion filed March 8, 1947.

*Milton P. Allen,* of Lawrence, argued the cause for the petitioner.

*Harold R. Fatzer,* assistant attorney general, argued the cause, and *A. B. Mitchell,* attorney general, and *Leon W. Lundblade,* were with him on the briefs for the respondent.

The opinion of the court was delivered by

PARKER, J.: This is an original habeas corpus proceeding in which the petitioner, who is now an inmate of the state penitentiary by virtue of a judgment of the district court of Crawford county sentencing him to confinement in that institution, under the habitual criminal statute, for larceny of an automobile, seeks his release upon the basic proposition the judgment authorizing his restraint is null and void.

The application for the writ, which was supported by a verified statement of facts and accompanied by a motion requesting the appointment of counsel, was prepared by the petitioner and mailed by him to the clerk of this court. In due time the papers were presented to us for attention and after having examined them we ordered that they be filed without a deposit for costs and the case docketed as an original proceeding. Thereafter, we appointed Milton P. Allen, a reputable and competent attorney of Lawrence, to assist the petitioner in any and all matters relating to the preparation and presentation of his action. Mr. Allen accepted employment, consulted with the petitioner, filed a brief in his behalf and personally argued the merits of his cause when it came on for final hearing.

Petitioner's application sets forth at length the 11 grounds on which he relies for the granting of a writ but it will not be necessary to relate them in detail. Summarized, and in inverse order of their importance they are: (1) That while confined in jail petitioner was held incommunicado and was not allowed to consult with his friends and relatives; (2) that he did not enter a plea of guilty to the crime

with which he had been charged; (3) that—and this statement covers 8 of the variously stated claims set forth in the application —he was arrested in Missouri by Kansas officers and by force and violence removed from the state of Missouri to Kansas without compliance with the laws pertaining to extradition of persons charged with crime and (4) that he was not represented by counsel at the time of entering his plea as required by law.

Briefly stated, the respondent's answer and return denies the allegations of the application, alleges that petitioner was lawfully in custody by reason of a valid judgment and sentence, sets forth copies of the authority for petitioner's restraint and includes verified statements of at least five public officials dealing with factual issues raised by the application.

In our consideration of the issues, as in all other habeas corpus cases, statements of fact made by the deponents in the verified statements presented by the parties in support of their respective positions will be given the same weight to which they would be entitled had the affiants been personally present and orally testified as witnesses.

Claims 1 and 2, heretofore referred to, warrant little time or space in this opinion. So far as No. 1 is concerned the evidence not only reveals the petitioner has failed to establish his contention that he was held incommunicado and denied the right of consulting with his friends and relatives as is required by our decisions (*Downs v. Hudspeth*, ante, p. 575, this day decided) but conclusively establishes that he was not denied that privilege. With respect to No. 2, in the face of a record to the contrary, the petitioner's unsupported and uncorroborated statements to the effect he did not plead guilty are not sufficient to set aside the authenticity of a recorded judicial proceeding (*Powers v. Hudspeth*, 161 Kan. 777, 173 P. 2d 251; *Wooner v. Amrine*, 154 Kan. 211, 117 P. 2d 608) even if the evidence did not affirmatively prove—which it does—that on two different occasions he actually entered such a plea.

It is next urged that petitioner was arrested in Missouri by Kansas officers and forcibly and violently returned to Kansas without compliance with the laws pertaining to extradition of persons charged with crime. Counsel, who construes the evidence as having affirmatively established that fact, strenuously argues the court had no jurisdiction to render judgment. At the outset it must be conceded the petitioner was apprehended in Missouri and brought to Kansas

without the issuance of extradition papers. Even so, it does not follow the Kansas court in which the criminal proceeding was pending lacked jurisdiction to receive petitioner's plea of guilty and impose sentence thereon. Long ago in *State v. Garrett*, 57 Kan. 132, 45 Pac. 93, this court held:

"A person against whom a warrant has been issued by a magistrate of the state, and who is outside of the limits of the state, may waive the issuance of extradition papers, and voluntarily surrender himself to the jurisdiction of the courts of the state." (Syl. ¶ 1.)

Thus it appears we have for decision the factual issue of how the petitioner came to Kansas before there is any occasion to pass upon the legal question presented by his counsel. On this point we cannot overlook certain portions of the testimony which have apparently been ignored by petitioner. Let us look at the record.

On the morning of December 26, 1946, four Kansas officers, presently named, armed with a warrant for petitioner's arrest left for Missouri with the intention of apprehending him. After reaching the state, for some reason which is not material, they were unable to contact any Missouri officer who would accompany them. Nevertheless, after some inquiry they found petitioner at a country store. What happened thereafter is important. Petitioner contends that at the point of a gun he was forcibly seized, placed in an automobile and taken back into Kansas against his will and supports his claim by his uncorroborated statement. Respondent, based upon statements made by Lawrence M. Walker, a respected attorney of this state and then county attorney of Crawford county, Paul A. Clark, another reputable attorney and at that time deputy county attorney of Crawford county, H. E. Kneebone, the then undersheriff and Henry Beznigue, deputy sheriff, claims that petitioner after having been told by such officials that they had a warrant for his arrest freely and voluntarily announced his willingness to return to Kansas with them after having first been advised he did not have to do so without extradition proceedings. There is, of course, as is usually the case where four persons relate events pertaining to the same situation some discrepancies in the statements made by the various witnesses but from our examination of their testimony it clearly appears each and every one of them specifically deny any force or threats of force were used to induce petitioner to accompany them and that all expressly state, in one form or another, that he told them he was willing to go back to Kansas with them and

voluntarily offered to do so. We do not deem it necessary to relate all the incidents upholding respondent's contention on the point in question. Without further labor it will suffice to say that after careful consideration of the entire factual record we are convinced the respondent's evidence, not the petitioner's, should be given credence and hold it establishes that the petitioner voluntarily submitted himself to the jurisdiction of the court rendering the judgment now challenged by him.

The conclusion just announced eliminates any necessity for decision of the interesting legal question raised by petitioner's counsel to the effect that the courts of this state do not have jurisdiction to render judgment in a criminal action where it appears the defendant was arrested in another state and involuntarily brought into our own. We have not been unmindful of the petitioner's contention in that regard but simply pass it without decision for the reason heretofore stated. As we do so it might be well to point out that contrary to petitioner's claim the question is not *stare decisis* in this jurisdiction notwithstanding our decision in *State v. Simmons,* 39 Kan. 262, 18 Pac. 177. See the opinion in *State v. Wellman,* 102 Kan. 503, 508, 170 Pac. 1052, where it was said, "the *jurisdiction* of a district court to try a person on a charge of having committed a public offense does not depend upon how he came to be in this state."

Finally it is contended petitioner was not represented by counsel at the time of entering his plea as required by law. We shall briefly refer to the record facts pertinent to a disposition of such claim. For some unexplainable reason the journal entry shows that petitioner pleaded guilty and was sentenced on January 3, 1946, whereas it is now conceded sentence was pronounced on January 11, 1946. The date on which his plea was entered is not admitted. It is true that on January 3, 1946, he pleaded guilty and that at such time he was represented by an attorney who had been appointed by the court to represent him. However, it is likewise true that on such date petitioner asked leave to withdraw his plea and that at such time his counsel announced in open court he was leaving to rejoin the armed forces of his country and could no longer represent his client. Whether the court permitted withdrawal of the plea as requested is not too clear from the record but there is evidence, not denied, which requires the conclusion it did so. In addition the uncontroverted evidence of respondent's

own witnesses is that thereafter and on January 11, 1946, petitioner was taken before the court and without counsel entered a plea of guilty and was sentenced on such plea. Under the conditions and circumstances just related when he appeared in court on the date last mentioned without an attorney petitioner's legal status was that of a person who was about to be arraigned upon an information for an offense against the laws of the state and under G. S. 1945 Supp. 62-1304, it was the duty of the court to appoint counsel to represent him unless he waived counsel in writing and the court over his objection found that appointment of counsel would not be to his advantage. This was not done. In that situation his rights are determined by our decision in *Davis v. Hudspeth,* 161 Kan. 354, 167 P. 2d 293, where it was held:

"When any person is about to be arraigned upon an information or indictment all of the provisions of G. S. 1943 Supp. 62-1304, are mandatory and strict compliance must be made therewith in order to give a court jurisdiction to accept a plea of guilty." (Syl. ¶ 1.)

Since the court was without jurisdiction to accept it the petitioner's plea of guilty is set aside. However, as a consequence, he is not entitled to his unrestrained liberty (*Davis v. Hudspeth,* supra). It is ordered that he be released from confinement in the state penitentiary under his illegal sentence and judgment and placed by the respondent in the custody of the sheriff of Crawford county, Kansas, who is directed to return him to the jail of that county to await proper proceedings in the criminal action yet pending against him in the district court of such county.

The writ is denied.