No. 39,772

STATE OF KANSAS, *Appellee,* v. HERBURT M. OLDHAM, *Appellant.*

(285 P. 2d 775)

Opinion filed July 6, 1955.

*Herburt M. Oldham* was on the briefs *pro se.*

*Harold R. Fatzer,* attorney general, and *Buford L. Shankel,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This was an appeal from a conviction and sentence of appellant for the crime of grand larceny.

The appellant, who was thirty years of age, was substantially charged that on July 15, 1954, he willfully, unlawfully and feloniously took, stole, and carried away certain tractor parts of an aggregate value of $61.50 being the property of M. G. Erie, Route 1, Fulton, Kansas, with willful, unlawful and felonious intent to deprive the owner thereof.

At the outset we are confronted with a question as to whether the trial court complied with the statute, G. S. 1953 Supp. 62-1304, which governs the appointment of counsel for anyone accused of a felony. This matter must be disposed of before we may consider the questions raised on appeal.

The above statute, in part, provides:

"If he [the accused] is not able and willing to employ counsel, and does not ask to consult counsel of his own choosing, the court *shall* appoint counsel to represent him, *unless he states in writing* that he does not want counsel to represent him *and the court shall find that the appointment of counsel over his objection will not be to his advantage."* (Our emphasis.)

An earlier statute provided for appointment of counsel when requested by the accused but in 1941 the legislature saw fit to amend the statute and the pertinent part reads as above quoted. This statute must be strictly complied with in a felony prosecution (*Davis v. Hudspeth,* 161 Kan. 354, 167 P. 2d 293; *Brandt v. Hudspeth,* 162 Kan. 601, 178 P. 2d 224) in order to be in harmony with justice and fair dealing and to make the legislative will effective. (*Current v. Hudspeth,* 173 Kan. 694, 697, 250 P. 2d 798.)

Nowhere in the record is it shown that appellant was properly informed of his right to have an attorney appointed or that he was even afforded a right to waive the same, in compliance with the statute, and further, there was no finding on the part of the trial court that such an appointment would not have been to his advantage even though he waived right to counsel in writing. To the contrary, the record abundantly shows throughout that counsel should have been appointed, but we need not go into detail on this feature of the appeal. We conclude the trial court did not comply with the statute and this resulted in error which requires a new trial.

The constitutional right of an accused to counsel is a matter of substance not form, and it is the solemn duty of a trial court to make sure that representation is not an empty gesture, but is a fulfillment of the spirit and purpose of the constitutional mandate. (*Willis v. Hunter,* 166 F. 2d 721.)

The waiver of counsel must be an intelligent one; and whether there was such must depend upon the particular facts and circumstances, including background, experience, and conduct of the accused. The proceeding shall be made a matter of record or otherwise the sixth amendment of the federal constitution will be abridged. (*Johnson v. Zerbst,* 304 U. S. 458, 58 S. Ct. 1019, 82 L. ed 1461.) The Johnson case, while not arising in Kansas, states

the general rule, but our statute further *requires* a written waiver plus a finding by the trial court that counsel would not be to the advantage of the accused.

It is not necessary to discuss the other matters raised on the appeal since we have determined the above matter in the way we have.

The verdict of the jury and the judgment and sentence of the trial court are vacated and set aside and the cause is remanded to the district court. The appellant is ordered to be returned to Bourbon county by the warden of the Kansas State Penitentiary, where appellant is now imprisoned, and delivered into the custody of the sheriff of Bourbon county for further proceedings in harmony with this opinion.