NOT DESIGNATED FOR PUBLICATION

No. 128,399

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL TATE PRESLEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Anderson District Court; ERIC W. GODDERZ, judge. Oral argument held October 14, 2025. Opinion filed December 26, 2025. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., COBLE, J., and SEAN M.A. HATFIELD, District Judge, assigned.

HATFIELD, D.J.: In The Adventure of the Noble Bachelor, quoting Henry David Thoreau, Sherlock Holmes observed that "[c]ircumstantial evidence is occasionally very convincing, as when you find a trout in the milk." Sir Arthur Conan Doyle, The Complete Sherlock Holmes, p. 294 (1930 ed.). The days of furtively diluting milk with river water may be behind us, but that turn of phrase is still synonymous with the power of a fact proved with strongly convincing circumstantial evidence.

1

Michael Presley wants to be resentenced to a grid-level offense. He claims his off-grid 25-year minimum Jessica's Law sentence was illegal because neither the complaint nor the preliminary hearing evidence expressly established a factual basis that he was over the age of 18 at the time of his offense. But the evidence from the preliminary hearing—which provided the factual basis for his no-contest plea—overwhelmingly established the obvious inference that Presley was 18 or older when he committed his crimes. So, we affirm the district court's decision to deny the motion to correct an illegal sentence.

FACTS

In March 2010, Presley was charged with three counts of aggravated indecent liberties with a child all occurring between June 1, 2009, and August 31, 2009. Each charge involved the same 13-year-old victim—referred to here under the pseudonym Jane—who was Presley's biological daughter. The complaint labelled each count as an off-grid person felony and referenced the corresponding statute in effect at the time, but none of the counts alleged Presley was over the age of 18 at the time of the offenses.

At the preliminary hearing, the State presented testimony from two officers who investigated Jane's allegations that Presley sexually abused her. During the police interview, Presley, a truck driver, admitted to inappropriately touching Jane both at home and while she accompanied him on the road. The investigating officers also testified that Jane indicated at least one of the incidents occurred between March and December of 2009, when she was 13 years old. Jane herself also testified and provided corroborating evidence for Presley's confession and the relevant timeframe.

Ultimately, the parties reached a plea agreement which was summarized by the trial court and confirmed by the parties. The State would seek a 25-year Jessica's Law sentence and agreed not to seek more than 25 years. Presley was free to argue for a

departure. Everyone agreed with the description of the agreement, including Presley who stated he understood.

It is relevant that multiple times between plea and sentencing Presley indicated he understood he was pleading to a charge that carried a life sentence. During the colloquy, the district court asked if Presley understood what an off-grid felony meant. Presley responded affirmatively and explained in his own words that it doesn't fall under the grid his attorney showed him. The court asked if he understood that the penalty is life without the possibility of parole for 25 years and that if his attorney's motion for departure was denied he would stay in prison for at least 25 years before his first opportunity for release. Presley again responded affirmatively.

The parties also expressed a mutual agreement to rely on the evidence presented at the preliminary hearing as the factual basis for the plea. The trial court found that evidence to be more than sufficient and found Presley guilty of an off-grid aggravated indecent liberties offense.

At sentencing, the district court recounted the information reflected in the presentence investigation report that Presley's aggravated indecent liberties with a child conviction was an off-grid felony with a life sentence without the possibility of parole for 25 years. Presley did not object to the report. Presley even instructed his attorney not to request a departure. The district court imposed the mandatory sentence.

Some 13 years later, Presley filed back-to-back pro se motions to correct illegal sentence arguing that his hard 25 sentence is illegal because the presumptive prison term for his crime of conviction should have been in the I box sentencing range.

The district court entered an order summarily denying relief. The court found Presley's contentions without merit because he pleaded to an off-grid offense which

carried a minimum sentence of life in prison without the possibility of parole for 25 years. Presley timely appealed.

ANALYSIS

Presley argues that his no contest plea to one count of aggravated indecent liberties with a child was only a severity level 3 person felony instead of an off-grid offense under Jessica's Law because the State omitted his age as an element from the complaint. His argument fails. The record is clear that Presley pleaded to an off-grid Jessica's Law offense and the factual basis for his plea was based on evidence that logically established no other possibility than he was at least 18 years old or older at the time he committed his crimes.

Whether a sentence is illegal is a question of law subject to unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). Here, Presley contends only that his hard 25 life sentence is illegal because it does not conform to the applicable statutory provision, either in character or punishment. See K.S.A. 22-3504(c)(1).

The statute under which Presley was charged includes two separate penalty levels, and the determination of which level applies turns on the offender's age when the crime was committed. See *State v. Bello*, 289 Kan. 191, 198, 211 P.3d 139 (2009). Aggravated indecent liberties with a child under 14 years of age is a severity level 3 grid felony except when the offender is 18 years of age or older which statutorily makes the offense an off-grid person felony. K.S.A. 21-3504(a)(3)(A), (c) (Torrence 2007). The corresponding grid-box sentence for an offender convicted of a severity level 3 person felony with an I criminal history score is between 55 and 61 months, but the Jessica's Law penalty for the off-grid offense is of course life with a mandatory minimum of not less than 25 years before the possibility of parole. K.S.A. 2009 Supp. 21-4704; K.S.A. 21-4643(a)(1)(C) (Torrence 2007).

4

The fact that a defendant is 18 or older is an element of the offense classified as off-grid under Jessica's Law. It is not a sentence-enhancing factor. See *State v. Hernandez*, 294 Kan. 200, 207, 273 P.3d 774 (2012); see also *State v. Brown*, 291 Kan. 646, 663, 244 P.3d 267 (2011) ("[D]efendant's age at the time of the offense is an element of the crime if the State seeks to convict the defendant of the more serious, off-grid level of the offense.").

Presley challenges no other elements of his conviction, and there is no dispute that the complaint did not explicitly include his age as an element. To Presley, that omission means he only pleaded to the facts alleged in the complaint and therefore could not have been convicted of the off-grid version of the offense. Yet he also acknowledges that the district court could only accept his no contest plea if it was satisfied of the factual basis. K.S.A. 22-3210(a)(4); *State v. Ebaben*, 294 Kan. 807, 812, 281 P.3d 129 (2012) (noting statute "requires a trial court to establish that all elements of the crime charged are present before accepting a defendant's plea").

Here, the parties agreed to rely on the preliminary hearing testimony as the factual basis for Presley's no contest plea, so the question turns to whether a sufficient factual basis existed for the district court to find that Presley was over 18 years old at the time of the offense. Any offense can be proved by circumstantial evidence if such evidence allows a fact-finder to draw a reasonable inference regarding the fact in issue. *State v. Banks*, 306 Kan. 854, 858-59, 397 P.3d 1195 (2017); see also *State v. Brown*, 295 Kan. 181, 208, 284 P.3d 977 (2012) (finding no error in allowing State to reopen its case to prove defendant's age to support Jessica's Law conviction where circumstantial evidence of age already existed).

Our caselaw is abundant with decisions that upheld convictions based on circumstantial evidence to prove either the defendant's or victim's age. See *State v. Brown*, 298 Kan. 1040, 1054, 318 P.3d 1005 (2014) (defendant testified about living

5

somewhere 19 years before rape offenses); *State v. Proveaux*, No. 115,461, 2017 WL 1426034, at *3 (Kan. App. 2017) (unpublished opinion) (victim testified to consuming alcohol in a bar and defendant testified to having been married to victim four years before domestic battery offense); *Marler v. State*, No. 108,722, 2013 WL 5870049, at *9 (Kan. App. 2013) (unpublished opinion) (finding no ineffective assistance of counsel in failing to challenge proof of defendant's age where circumstantial evidence clearly established his age at time of rape and aggravated indecent liberties with child offenses); *State v. Callaway*, No. 76,249, 1997 WL 35435728, at *1 (Kan. App. 1997) (unpublished opinion) (sufficient evidence of defendant's age based on testimony from several witnesses).

Moreover, contrary to Presley's position, the State did not need to specifically allege his age in the complaint for his no-contest plea to result in a conviction for the off-grid version of the offense. As our Supreme Court explained in *State v. Dunn*, 304 Kan. 773, 813, 375 P.3d 332 (2016):

> "A complaint, indictment, or information that names a defendant or otherwise identifies him or her inherently includes his or her age on the date of the alleged offense. No question of adequate notice to the defendant of his or her own age on the given date is logically possible, and the charging document will have served its purpose of providing notice and a fair opportunity to defend."

Now, unlike the defendant in *Dunn*, Presley does not assert that the district court lacked jurisdiction to impose an off-grid sentence because of the complaint omitting his age as an element, perhaps because he realizes that *Dunn* would have defeated any such claim. See 304 Kan. at 819-20 ("A charging document's failure to include an element of a crime under the defining Kansas statute does not deprive the court of subject matter jurisdiction to convict."). Nor does he suggest that he lacked adequate notice that the State sought to convict him of the off-grid version of the offense, an argument which is belied by numerous references and acknowledgements to that fact in the record.

Instead, Presley insists the preliminary hearing testimony contains no evidence from which the district court could determine his age and be satisfied that element was established. A review of the evidence presented at the preliminary hearing proves otherwise.

Presley admitted to officers that he had inappropriately touched his daughter both at home and while she accompanied him on the road. Jane's statements to the investigating officers and preliminary hearing testimony corroborated this confession and established that at least one of the incidents occurred when Jane was 13 years old. As a matter of mathematics and biology, it was reasonable for the district court to infer that Presley was at least 18 years old at the time of the offense because he had a 13-year-old child.

Even further, Presley's job required him to hold a commercial driver's license. By statute, that license is not available to individuals under 18. K.S.A. 2009 Supp. 8-237(b). We presume trial courts know the law. See *Ramsey v. Hand*, 185 Kan. 350, 359, 343 P.2d 225 (1959). So, it was reasonable for the district court to infer Presley's age at the time of the offense based on his employment as a truck driver during the relevant timeframe.

The factual basis for Presley's no contest plea allowed the district court to make logical reasonable inferences that he was over 18 when he committed the acts resulting in his conviction. Presley pleaded no contest to the off-grid version of his offense, and he received a lawful sentence. We find no error.

Affirmed.

7