(586 P.2d 50)
No. 49,364

STATE OF KANSAS, *Appellee,* v. RICHARD M. DANIELS, *Appellant.*

Opinion filed October 27, 1978.

*Richard A. Euson,* of Dresie, Jorgensen, Wood & Euson, P.A., of Wichita, for appellant.

*Robert J. Sandilos* and *Stuart W. Gribble,* assistant district attorneys, *Curt T. Schneider,* attorney general, and *Vern Miller,* district attorney, for appellee.

Before FOTH, C.J., ABBOTT and REES, JJ.

ABBOTT, J.: This is a direct appeal by defendant from a conviction for battery against a law enforcement officer, contrary to K.S.A. 21-3413. Defendant raises three issues on appeal, contending (1) that he did not make a knowing and intelligent waiver of counsel; (2) that he did not sufficiently understand the charges against him to prepare a proper and adequate defense; and (3) that while a *pro se* defendant should not be allowed to waive a record, even if it is allowed the defendant here did not knowingly and intelligently do so. The case is before us on an agreed statement, no record of the proceedings having been made.

The defendant was arrested following a disturbance at Lake Afton in Sedgwick County, Kansas, during which defendant was sprayed with Mace and then allegedly struck a park ranger. Defendant was arrested by Darrel Long, Chief of Police of Goddard, Kansas, and David Cisneroz, a Sedgwick County deputy sheriff. Defendant was placed in the rear seat of a law enforcement vehicle. Officer Cisneroz drove and Chief Long rode in the back seat with the defendant. While enroute to the Sedgwick County jail, the defendant kicked Officer Cisneroz on the back of his shoulder.

The record does not indicate whether or not defendant was booked into the Sedgwick County jail, and if he was booked, whether it was for the incident that occurred at the lake or for the incident that occurred on the way to the jail. A complaint was filed three days later on June 21, 1977, alleging an assault upon "David N. Cisneroz, a uniformed and properly identified county law enforcement officer . . . ."

The defendant appeared *pro se* on the morning of the trial. The trial judge engaged the defendant in the following colloquy concerning defendant's right to counsel and waiver of a record:

"THE COURT: Mr. Daniels, I see from the arraignment sheet in the court file that you have waived your right to the assistance of counsel in this case, is that correct?

"DEFENDANT: Yes sir.

"THE COURT: Do you understand that you have a right to assistance of counsel in this case?

"DEFENDANT: Yes sir.

"THE COURT: And with knowledge of that right, is it your desire to proceed in this case without assistance of counsel?

"DEFENDANT: Yes sir.

"THE COURT: Do you understand that in the defense of this case, you will be held to the same standard as an attorney?

"DEFENDANT: Yes sir.

"THE COURT: Mr. Daniels you are charged with battery against a law enforcement officer. That charge carries a maximum term of one years imprisonment, do you understand that?

"DEFENDANT: Yes sir.

"THE COURT: Do you wish to have a record made in this case?

"DEFENDANT: No, I don't believe that is necessary.

"THE COURT: Very well. Does the State wish to make an opening statement?"

The arraignment sheet is a preprinted form and the only reference to waiver of counsel contained therein is one sentence which reads: "Said defendant(s) then announce that the services of an attorney are * ☐ desired * ☒ waived."

Officer Cisneroz and Chief Long testified for the state. The defendant explained that he had witnesses present to testify in his defense regarding the incident at the lake, as he had assumed that was what he was being tried for in view of having been arrested at the lake. He then declined to cross-examine the witnesses against him or to present any defense in his behalf. He was found guilty and was sentenced to ninety days in jail. This appeal followed.

The United States Supreme Court first made the Sixth Amendment's guaranty of the right to counsel through the due process clause of the Fourteenth Amendment applicable to state prosecutions in *Gideon v. Wainwright,* 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792 (1963). Although the Supreme Court spoke of "[t]he right of one charged *with crime* to counsel," some question remained in legal circles as to whether the decision was limited to indigents charged with felonies.

In *Argersinger v. Hamlin,* 407 U.S. 25, 32 L.Ed.2d 530, 92 S.Ct. 2006 (1972), the United States Supreme Court considered a factual situation wherein the state of Florida refused to appoint counsel for an indigent defendant charged with a misdemeanor, an offense punishable by maximum imprisonment of six months. The Supreme Court laid down an easily understandable rule of law that, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." 407 U.S. at 37.

A defendant may waive the right to counsel. The waiver, however, may not be presumed from a silent record, and the state

has the burden of showing that an accused was advised of his right to counsel, either retained or appointed, and that waiver of counsel was knowingly and intelligently made. *Carnley v. Cochran,* 369 U.S. 506, 8 L.Ed.2d 70, 82 S.Ct. 884 (1962). The right to counsel in a case where a person may be imprisoned is a right guaranteed by the United States Constitution and as such the attempted waiver of that right should be strictly construed. Whether an accused knowingly and understandably waived his or her right to counsel after the assistance of counsel was offered would depend on the particular facts and circumstances of each case. *State v. Irving,* 216 Kan. 588, 589, 533 P.2d 1225 (1975).

The state relies on language found in *James v. State,* 220 Kan. 284, 553 P.2d 345 (1976), that a valid waiver of counsel was reflected in a journal entry which stated the defendant acknowledged in open court that he had not consulted an attorney, did not desire to do so, and waived his right to have an attorney advise him. From that finding the state concludes that if a court informs an accused of his right to the assistance of counsel, and the defendant responds affirmatively to a direct inquiry from the court as to whether he desires to proceed without assistance of counsel, then a valid waiver is shown. We do not agree. The *James* case was pursuant to K.S.A. 60-1507 wherein the defendant collaterally attacked an Oregon conviction which had been introduced and used by a Kansas judge in imposing the habitual criminal sentence. The sole question was the sufficiency of the record introduced in Kansas. That is a question far different from the one that faces this court.

The record before this court is barren of any evidence to show defendant was informed that counsel would be appointed by the court to represent him at no expense to him if he could not afford counsel. The defendant was declared to be indigent the day following the alleged waiver of counsel, and we were advised at oral argument that the defendant was indigent at all times material to this decision. We are unable to make a valid distinction between waiving the right to counsel at trial and waiving the right to have counsel present during custodial police interrogation. Individuals held for interrogation may not waive their right to have counsel present during interrogation without first being told in clear and unequivocal terms that they have a right to the presence of an attorney during the questioning, and that if they

are unable to afford an attorney one will be appointed at no expense to them. *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966). The right protected in *Miranda* is the Fifth Amendment privilege against self-incrimination. If the Fifth Amendment requires a *potential defendant* to be advised of his or her right to counsel before a knowing and intelligent waiver can be made, then we have no difficulty concluding that the Sixth Amendment right to counsel requires equal notice to one accused of and being tried for a crime. When any person is accused of an offense, whether misdemeanor or felony, for which he or she may be imprisoned (as defined in *Argersinger v. Hamlin,* 407 U.S. 25), that person must be informed of the right to retained or appointed counsel before he or she can make a knowing and intelligent waiver of counsel.

In addition to informing the defendant of the right to counsel, either retained or appointed, the trial court must make more than a routine inquiry when a defendant attempts to waive the right to counsel. *Von Moltke v. Gillies,* 332 U.S. 708, 92 L.Ed. 309, 68 S.Ct. 316 (1948); *State v. Cunningham,* 222 Kan. 704, 567 P.2d 879 (1977). A waiver is an *intentional* relinquishment of a *known* right, made with full awareness of the effect. *Johnson v. Zerbst,* 304 U.S. 458, 464, 82 L.Ed. 1461, 58 S.Ct. 1019 (1938). While it is not necessary for us to determine the adequacy of the trial court's inquiry in view of our holding above, we do comment and offer guidelines for the court.

A defendant has a constitutional right to self-representation if the election to do so is knowingly and intelligently made. *State v. Ames,* 222 Kan. 88, 99, 563 P.2d 1034 (1977). The trial judge's duty, after fully advising the defendant in clear and unequivocal language of his right to counsel to aid in his defense, is to ascertain if the defendant then knowingly and intelligently desires to waive the right. As Justice Kaul stated in *State v. Cunningham,* 222 Kan. at 706, the record must establish that the defendant knew what he was doing and "made his choice with his eyes open."

The ABA Standards Relating To the Function of the Trial Judge, § 6.6 at 84, 85 (Approved Draft, 1972), suggest the trial judge's inquiry show that the defendant:

"(*i*) has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

"(*ii*) possesses the intelligence and capacity to appreciate the consequences of this decision; and

"(*iii*) comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case."

To that, we would suggest that the trial judge also inform the defendant (1) that defendant will be held to the same standards as a lawyer; (2) that the trial judge may not aid the defendant in his defense; and (3) that it is advisable to have a lawyer due to the specialized knowledge necessary to conduct a trial and the fact that a lawyer is trained in the law.

We turn now to whether an indigent *pro se* defendant can waive a record even if the waiver is knowingly and intelligently made. We are immediately faced with the state's argument that a defendant in a misdemeanor case is not entitled to a record. The state relies on a series of cases holding that a transcript is not the only acceptable record on appeal. That is the rule in Kansas. *State v. Hornbeak,* 221 Kan. 397, 559 P.2d 385 (1977). We have no quarrel with the *Hornbeak* decision; however, it dealt with a factual situation in which a court reporter had taken stenographic notes of a preliminary hearing. The question was whether or not an indigent defendant was entitled to a transcript of the preliminary hearing at state expense. The Supreme Court of Kansas held that, upon a showing that the transcript is necessary to an adequate defense and that adequate alternative devices are not available, an indigent defendant is entitled either to a free copy or use of the state's copy.

A district court in Kansas is a court of record (K.S.A. 20-301), and it is the duty of the official court reporter to attend and take full stenographic notes of the proceedings tried before the court as the judge thereof shall direct. K.S.A. 1977 Supp. 20-915, Rule No. 354.

The Kansas Supreme Court has stated that while it is the better practice to take full stenographic notes of the entire proceeding, it has not made a record mandatory in jury trials except when evidence is presented to the jury for its consideration. *State v. Guffey,* 205 Kan. 9, 26, 468 P.2d 254 (1970). We see no valid distinction between requiring stenographic recording of all evidence taken in the presence of a jury and requiring similar recordation of all evidence presented to the judge when he sits as a trier of fact.

Although failure to make a record is not automatically reversible error, certain portions must be recorded either stenographically or electronically. One such area is the waiver of counsel (*State v. Oldham,* 178 Kan. 337, 285 P.2d 775 [1955]); another is the waiver of right to a jury trial. To those we would add that an indigent defendant appearing *pro se* may waive a record but must make such a waiver knowingly and intelligently and after being fully apprised of his or her rights for the record. *People v. McConnell,* 11 Ill. App. 2d 370, 137 N.E.2d 558 (1956).

In the case at hand, the trial judge inquired of the defendant, "Do you wish to have a record made in this case?" The defendant replied in the negative. The court did not inquire of defendant whether he knew for what purpose a record is made, how it is used, or what effect the lack of a record would have on an appeal. More importantly, the defendant was not told that there would be no charge to him to make a stenographic or electronic recording of the proceedings; and although there would be a charge for transcribing the proceedings, defendant was not told that if he were indigent and showed a need, use of the transcript would be furnished to him at no charge. Without being fully advised, a *pro se* defendant cannot make a knowing and intelligent waiver of a record and it is error to permit him or her to do so.

Not all trial error, however, is reversible error. Here defendant has not been prejudiced by the lack of a full verbatim transcript. Although prejudice may be inferred in many instances, it will not be inferred here when the defendant prepared a statement that was incorporated into an agreed statement of facts and approved by the trial judge. Defendant does not allege or attempt to prove prejudice and we find none, either express or inferred. No controversy exists which a record might clarify, and we find that the error in failing to make a record does not require reversal. However, the inadequacy of the waiver of counsel described above does require reversal.

Reversed and remanded for a new trial.