(623 P.2d 534)

No. 52,042

STATE OF KANSAS, *Appellee,* v. MARVIN L. ANDREWS, *Appellant.*

Opinion filed February 6, 1981.

*Scott M. Price* of Marietta, Kellogg & Price, of Salina, for the appellant.

*William Rex Lorson,* county attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before FOTH, C.J., ABBOTT and SPENCER, JJ.

SPENCER, J.: This appeal arises out of defendant's conviction on a single charge of violating K.S.A. 1979 Supp. 21-4113(1)(*a*), harassment by telephone. Defendant was sentenced to serve ninety days. Trial was to the court and defendant appeared *pro se.* He now contends his Sixth Amendment right to counsel was abridged as his waiver of counsel was not a knowing and intelligent one.

*Argersinger v. Hamlin,* 407 U.S. 25, 37, 32 L.Ed.2d 530, 92 S.Ct. 2006 (1972), established the rule that, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at trial."

In *State v. Daniels,* 2 Kan. App. 2d 603, 586 P.2d 50 (1978), this court examined proceedings by which waiver of counsel was made by a defendant—likewise having been convicted of a misdemeanor and sentenced to imprisonment—relative to determining whether the waiver was made in a knowing and intelligent manner. The court there reiterated the principles and rules to be applied in determining the validity of a waiver of counsel. Of particular relevance here are the following:

"A defendant may waive the right to counsel. The waiver, however, may not be presumed from a silent record, and the state has the burden of showing that an accused was advised of his right to counsel, either retained or appointed, and that waiver of counsel was knowingly and intelligently made. *Carnley v. Cochran,* 369 U.S. 506, 8 L.Ed.2d 70, 82 S.Ct. 884 (1962)." 2 Kan. App. 2d at 605-606.

"In addition to informing the defendant of the right to counsel, either retained or appointed, the trial court must make more than a routine inquiry when a defendant attempts to waive the right to counsel. *Von Moltke v. Gillies,* 332 U.S. 708, 92 L.Ed. 309, 68 S.Ct. 316 (1948); *State v. Cunningham,* 222 Kan. 704, 567 P.2d 879 (1977). . . .

. . . .

". . . As Justice Kaul stated in *State v. Cunningham,* 222 Kan. at 706, the record must establish that the defendant knew what he was doing and 'made his choice with his eyes open.' " 2 Kan. App. 2d at 607.

In *State v. Oldham,* 178 Kan. 337, 338, 285 P.2d 775 (1955), our Supreme Court had occasion to expound upon the safeguards necessary to insure a criminal defendant's constitutional right to counsel, in stating:

"The constitutional right of an accused to counsel is a matter of substance not form, and it is the solemn duty of a trial court to make sure that representation is not an empty gesture, but is a fulfillment of the spirit and purpose of the constitutional mandate. (*Willis v. Hunter,* 166 F.2d 721.)

"The waiver of counsel must be an intelligent one; and whether there was such must depend upon the particular facts and circumstances, including background, experience, and conduct of the accused. *The proceeding shall be made a matter of record or otherwise the sixth amendment of the federal constitution will be abridged. (Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.ed. 1461.)" Emphasis added.

While *Oldham* concerned an appeal from a felony conviction, in light of the decision announced in *Argersinger,* the standards

applicable to felony convictions are now equally applicable to any conviction wherein a sentence of imprisonment results.

The trial record reveals the following:

"THE COURT: . . . The defendant, Mr. Andrews, previously appeared for arraignment entered a plea of not guilty, and asked that his case be scheduled for trial. The record may show that he is appearing personally, acting in his own defense, having waived his right to counsel. And that the State is represented by Mr. Lorson. Are you ready to proceed Mr. Lorson?

"MR. LORSON: Yes, sir.

"THE COURT: Mr. Andrews, are you familiar with the manner in which a trial of this nature is conducted?

"MR. ANDREWS: Yes I am, Your Honor.

"THE COURT: Very well, then I'll not go into an explanation of procedures because I do know too that you've appeared in Court on past cases."

This represents the entire record pertaining to defendant's waiver. Although the trial court may have conducted an extensive inquiry into the defendant's desire to waive counsel, as suggested by the State, such does not appear of record. Consequently, the State cannot prevail in its burden of showing that defendant's waiver of counsel was knowingly and intelligently made, and defendant's Sixth Amendment right to counsel was abridged.

Defendant next contends his judgment of conviction must be set aside because of noncompliance with K.S.A. 1980 Supp. 22-3426, which provides:

"(a) When judgment is rendered or sentence of imprisonment is imposed, upon a plea or verdict of guilty, a record thereof shall be made upon the journal of the court, reflecting, if applicable, conviction or other judgment, the sentence if imposed, and the commitment, which record among other things shall contain a statement of the crime charged, and under what statute; the plea or verdict and the judgment rendered or sentence imposed, and under what statute, and a statement that the defendant was duly represented by counsel naming such counsel, *or a statement that the defendant has stated in writing that he or she did not want counsel to represent him or her.*" Emphasis added.

Defendant correctly notes that the journal entry of judgment does not include a statement reflecting his waiver of counsel in writing and, as stated in the State's brief: "It cannot be denied that appellant did not waive his right to counsel in writing, and the trial court failed to comply with this requirement."

Although as yet no cases exist interpreting K.S.A. 1980 Supp. 22-3426 in the context presented here, several decisions exist involving the statute's immediate predecessor, K.S.A. 62-1516 (Corrick, 1964), in situations where a trial court failed to include a

statutorily prescribed statement in the journal entry of judgment. Where the journal entry is merely incomplete and subject to correction to reflect the truth of what has in fact occurred, the judgment may be affirmed upon an entry *nunc pro tunc*. *Browning v. Hand,* 184 Kan. 365, 366, 336 P.2d 409 (1959); *Scott v. Hudspeth,* 171 Kan. 320, 322, 232 P.2d 464 (1951); *Jamison v. Hudspeth,* 168 Kan. 565, 567-568, 213 P.2d 972 (1950); *Wilson v. Hudspeth,* 165 Kan. 666, 668-669, 198 P.2d 165 (1948). However, the journal entry in this case cannot be so corrected for the event implicitly required by the statute did not in fact occur. The result is reversible error.

Having found reversible error in each of the points just reviewed, we deem it unnecessary to consider defendant's constitutional challenge to the statute under which he was convicted, or error assigned to the trial court's alleged failure to afford defendant allocution and opportunity to present evidence in mitigation of punishment at the time of sentencing, pursuant to K.S.A. 22-3422 and 22-3424(4), respectively.

Reversed and remanded for further appropriate proceedings.