No. 57,769

In the Matter of the Application of BRAD LEE GILCHRIST For a Writ of Habeas Corpus.

BRAD LEE GILCHRIST, *Appellant,* v. CITY OF OSAWATOMIE, KANSAS, The HONORABLE JOHN A. WILSON, Osawatomie Municipal Court Judge; and The Sheriff of Miami County, *Appellees.*

(708 P.2d 977)

Opinion filed October 25, 1985.

*James F. Vano,* of Overland Park, argued the cause, and *David R. Gilman,* of Overland Park, was with him on the brief for appellant.

*Craig S. Powell,* of McQueary & Powell, of Osawatomie, argued the cause and was on the brief for appellees City of Osawatomie and John A. Wilson.

*Ed L. Randels,* assistant county attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellee sheriff of Miami County.

The opinion of the court was delivered by

HERD, J.: This is an appeal from the judgment of the district court of Miami County denying a petition for a writ of habeas corpus.

Appellant, Brad Lee Gilchrist, was charged in the municipal court of Osawatomie with battery under the Osawatomie Municipal Code. The complaint charged Gilchrist with grabbing one Linda Cunningham by the hair and throwing her into the bushes on December 9, 1984.

At some point, although not part of the record on appeal, Gilchrist claims he filed a complaint against Linda Cunningham for battery arising out of the same incident.

On December 13, 1984, Gilchrist made his first appearance before the municipal court judge. No record was made of the proceedings. Gilchrist pled not guilty and trial was set for December 20, 1984.

Gilchrist appeared without counsel in the municipal court on December 20, 1984. A trial was held and Gilchrist was found guilty of battery. The trial was in municipal court and, once again, no record was made.

The trial court continued the proceeding to the following day for sentencing. Gilchrist again appeared without counsel and told the court he wanted counsel present. In spite of the request, the court proceeded to fine him $300 and sentence him to 90 days in jail.

The trial court advised Gilchrist he had 10 days to appeal the municipal court judgment. Gilchrist notified his retained counsel of the date of his conviction and that he wished to appeal. No appeal was taken.

On January 11, 1985, Gilchrist was confined to the Miami County jail. That same day, Gilchrist filed a petition for a writ of habeas corpus with the district court of Miami County. Appellant's contention in support of his petition is that he was denied his Sixth Amendment right to counsel in the municipal court proceedings.

A hearing was held on the writ before the district court on January 15, 1985. At the hearing, the municipal judge testified that at the time of appellant's first appearance, the charges against him were read and the penalties explained. Additionally, the municipal judge testified he knew Gilchrist from prior court proceedings where Gilchrist was represented by counsel. He knew Gilchrist was not indigent. He asked the appellant if he intended to have an attorney at this trial. The appellant replied he did not wish to have an attorney.

Appellant admitted under oath that this testimony was correct. However, he testified that since he had filed a "cross-complaint" against the complaining witness for battery, he assumed the city attorney would represent his interests. Thus, he claims his waiver of the right to counsel was not "knowingly and intelligently" made.

At the sentencing hearing Gilchrist appeared without counsel and specifically requested he be entitled to have his counsel present. The municipal judge denied the request on the grounds it would be unnecessary since Gilchrist would have ten days to appeal the judgment with a de novo trial in the district court.

Finally, appellant testified he employed counsel on either December 26 or December 27, 1984, to represent him in the case on appeal. According to the appellant, he told his counsel, David Gilman, he had until December 31, 1984, to perfect the appeal. No appeal was taken.

At the conclusion of the hearing, the district court found it "was not satisfied with the procedure of the Court in discussing with the Defendant his right to counsel and securing a waiver." But, nevertheless, it denied the writ, because Gilchrist failed to

appeal and a writ of habeas corpus is not a substitute for an appeal. Additionally, the district court found Gilchrist was not indigent, had employed counsel in the past and his claim that he believed the city attorney was obligated to both prosecute and defend him since there was a cross-complaint on file had no credibility. Though not specifically stated, it is implicit in the findings that the district court also found Gilchrist knowingly waived his right to counsel.

After the writ was denied, Gilchrist was released on bond, pending this appeal.

The first question raised by the petitioner's appeal is whether a petition for writ of habeas corpus can be entertained, since petitioner failed to perfect an appeal to the district court.

K.S.A. 1984 Supp. 22-3609 allows ten days for an appeal to the district court from the judgment of a municipal court. The appeal stays all proceedings upon the municipal court judgment and the case is tried de novo in the district court. K.S.A. 1984 Supp. 22-3610.

At the hearing on his application for a writ of habeas corpus, appellant testified he employed an attorney to represent him on appeal just a few days after he was sentenced. Additionally, the municipal court judge testified that he advised appellant of his statutory right to appeal after the sentencing.

No reason is given why an appeal was not perfected and appellant does not raise an ineffective assistance of counsel claim.

We have held that a petition for habeas corpus is not a substitute for appeal in a criminal case. *Hall v. Hand,* 190 Kan. 482, 484, 375 P.2d 632 (1962); *State v. Shores,* 187 Kan. 492, 357 P.2d 798 (1960). While we have found no Kansas authority applying this rule to the failure to take an appeal from the municipal court, the general rule applies.

It is generally held if the constitutional rights of the accused are at issue, habeas corpus is available as a remedy under certain circumstances even though no direct appeal was taken. While there are a number of Kansas cases dealing with post-trial release for violation of a prisoner's constitutional rights, they relate to K.S.A. 60-1507. K.S.A. 60-1507 was not available to petitioner since it may be used only by a prisoner in custody under

sentence of a court of general jurisdiction. A municipal court is not a court of general jurisdiction.

The general rule regarding the scope of remedy on a writ of habeas corpus is set out at 39 Am. Jur. 2d, Habeas Corpus § 11, p. 185:

"The function of a writ of habeas corpus in permitting the petitioner to challenge by collateral attack the jurisdiction under which the process or judgment by which he is deprived of his liberty was issued or rendered cannot be distorted by extending the inquiry to mere errors of trial courts acting within their jurisdiction. However, the principle that habeas corpus is not a remedy for the review of mere errors or irregularities is not to be so applied as to destroy constitutional safeguards of life and liberty. The writ is not and never has been a static, narrow, formalistic remedy. Its scope has grown to achieve its purpose—the protection of individuals against erosion of the right to be free from wrongful restraints on their liberty."

Thus, we must consider whether a constitutional right of the accused is in issue.

Petitioner alleges he was not properly advised of his right to counsel in the municipal court proceedings, nor did he make a valid waiver of his right to counsel.

In a criminal prosecution, the Sixth Amendment mandates that one charged with a crime is entitled to the assistance of counsel. This requirement is made obligatory on the State by the Fourteenth Amendment. *Gideon v. Wainwright,* 372 U.S. 335, 9 L.Ed.2d 799, 83 S.Ct. 792 (1963).

In *Argersinger v. Hamlin,* 407 U.S. 25, 37, 32 L.Ed.2d 530, 92 S.Ct. 2006 (1972), the United States Supreme Court held:

"[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

Thus, the fundamental right to counsel is guaranteed equally in felony cases and to persons charged with misdemeanors where imprisonment may follow conviction.

Although petitioner was tried, convicted and sentenced in a municipal court for violation of a municipal ordinance, appellant was still entitled to assistance of counsel. The right to counsel defined in *Argersinger* does not depend upon the character of the court in which a defendant is charged.

Since petitioner here was sentenced to 90 days' imprisonment but was not represented by counsel at trial, a constitutional right of the accused is in issue. We hold habeas corpus is a proper

remedy to challenge the validity of the trial court judgment on constitutional grounds.

We now consider the merits of petitioner's claim that he was denied his constitutional right to counsel.

The first difficulty which arises is that municipal courts are not courts of record and, therefore, there is no record of the conversation which took place between the petitioner and the municipal court judge regarding his right to counsel.

At the district court hearing on petitioner's application for a writ of habeas corpus, the municipal court judge testified he had presided over proceedings against appellant on two or three previous occasions where appellant had appeared with counsel and he knew Gilchrist was not indigent. He inquired of petitioner whether he intended to have an attorney at the trial to be set for a later date. Gilchrist allegedly responded he did not wish to have an attorney. Gilchrist admitted the truth of this testimony.

The question then is whether this exchange between Gilchrist and the municipal judge, when considered in light of the surrounding circumstances, sufficiently advised the accused of his right to counsel. If so, we must thereafter determine whether Mr. Gilchrist's response to the judge's question constituted a waiver of his right to counsel.

The Court of Appeals, in *State v. Daniels*, 2 Kan. App. 2d 603, 607, 586 P.2d 50 (1978), summarized the trial court's duty to advise the accused of his right to counsel:

"When any person is accused of an offense, whether misdemeanor or felony, for which he or she may be imprisoned (as defined in *Argersinger v. Hamlin*, 407 U.S. 25), that person must be informed of the right to retained or appointed counsel before he or she can make a knowing and intelligent waiver of counsel."

Additionally, the court stated the trial judge must advise the defendant of his right to counsel in "clear and unequivocal language." p. 607.

In this case we have an accused with whom the court was well acquainted through previous appearances in the same court with counsel. Mr. Gilchrist is an intelligent high school graduate, earning $3,000 to $3,500 per month. With this information in mind, the municipal judge addressed the accused at first appearance, read the complaint and the potential sentence to him and asked him how he pled. Gilchrist pled "not guilty." The court then set the case for trial a week later and asked Gilchrist if

he was going to have a lawyer at the trial. Gilchrist responded he did not intend to employ counsel.

We distinguish this case from both *Argersinger* and *Daniels*. There, the defendants were indigent with the resulting unavailability of counsel. Here, Gilchrist was not indigent and had employed counsel in several previous cases. In fact, at the time of the proceedings in question, he had retained counsel in a case pending against him in another county. The municipal judge read the complaint to Gilchrist and he acknowledged he knew he was charged with battery. The judge then read him the penalty ordinance and asked him if he was going to have his lawyer present at the trial set for a week later. Gilchrist knew he could have an attorney at trial if he so desired and, from his previous court experience, he knew the nature and difficulties of a trial.

From this set of circumstances, we conclude in this case Mr. Gilchrist was adequately apprised of his right to counsel.

Now let us turn to the related issue of whether Gilchrist made a knowing and intelligent waiver of his right to counsel.

In *State v. Daniels*, 2 Kan. App. 2d at 605-06, the Court of Appeals reviewed the principles and rules to be applied in determining the validity of a waiver of counsel:

"A defendant may waive the right to counsel. The waiver, however, may not be presumed from a silent record, and the state has the burden of showing that an accused was advised of his right to counsel, *either retained or appointed*, and that waiver of counsel was knowingly and intelligently made. *Carnley v. Cochran*, 369 U.S. 506, 8 L.Ed.2d 70, 82 S.Ct. 884 (1962). The right to counsel in a case where a person may be imprisoned is a right guaranteed by the United States Constitution and as such the attempted waiver of that right should be strictly construed. Whether an accused knowingly and understandably waived his or her right to counsel after the assistance of counsel was offered would depend on the particular facts and circumstances of each case. *State v. Irving*, 216 Kan. 588, 589, 533 P.2d 1225 (1975)." (Emphasis added.)

The court also directed that a defendant's waiver of counsel must be recorded either stenographically or electronically in the district court.

The Court of Appeals further refined their discussion of waiver of the right to counsel in *State v. Andrews*, 5 Kan. App. 2d 678, 680, 623 P.2d 534 (1981). The court held that even if the trial court conducted an extensive inquiry into the defendant's desire to waive counsel, if that inquiry did not appear *in the record*, the State could not meet its burden of proving that defendant's waiver of counsel was knowingly and intelligently made and

therefore, defendant's Sixth Amendment right to counsel was abridged.

Since the hundreds of municipal courts across this state are not courts of record, and most of them have no recording capability, we cannot require every waiver of counsel to be recorded.

A municipal court is, however, capable of obtaining a written waiver of counsel from a criminal defendant after he has been fully advised of his right to counsel. Additionally, the municipal court should make a thorough inquiry to ascertain if a defendant knowingly and intelligently desires to waive his right to counsel.

In *Daniels*, 2 Kan. App. 2d 603, the Court of Appeals suggested guidelines for the trial judge to apply in determining whether defendant's waiver was knowing and intelligent.

"The ABA Standards Relating to the Function of the Trial Judge, § 6.6 at 84, 85 (Approved Draft, 1972), suggest the trial judge's inquiry show that the defendant:

" '(i) has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

" '(ii) possesses the intelligence and capacity to appreciate the consequences of this decision; and

" '(iii) comprehends the nature of the charges and proceedings, the range of permissible punishments, and any additional facts essential to a broad understanding of the case.'

"To that, we would suggest that the trial judge also inform the defendant (1) that defendant will be held to the same standards as a lawyer; (2) that the trial judge may not aid the defendant in his defense; and (3) that it is advisable to have a lawyer due to the specialized knowledge necessary to conduct a trial and the fact that a lawyer is trained in the law." 2 Kan. App. 2d at 607-08.

See also *State v. Williams*, 226 Kan. 82, 83-84, 595 P.2d 1104 (1979).

A suggested waiver of counsel form is printed in the Kansas Municipal Court Manual, Traffic and Municipal Ordinance Violations § XII, p. 12 (rev. ed. 1981). We include a copy of that form in this opinion at page 212 and recommend that it be used by the municipal courts of this state in cases where an accused may be deprived of his liberty.

In the instant case the accused did not make a written waiver nor was a record made of his colloquy with the court. Municipal courts' lack of records and recording equipment are valid, excusable reasons for this oversight. The failure to obtain a signed waiver of counsel on the forms previously set out herein presents a more serious problem. However, the reason for the require-

ment of a record of the proceedings and a written waiver of counsel are for the purpose of proving an accused was properly advised of his rights and that he knowingly and intelligently waived those rights. Here, Brad Lee Gilchrist admitted he was informed by the trial judge of the charges against him and of the penalties which could be imposed. Further, Gilchrist admitted the municipal judge questioned him concerning his intention to hire counsel and that he responded he did not intend to employ counsel. These admissions by the petitioner cure any defect resulting from the absence of a written waiver and eliminate the problem of proof.

The issue of whether the waiver of counsel was knowingly and intelligently made presents an additional problem. Gilchrist admitted he had retained counsel to represent him in numerous other criminal proceedings. He admitted he was financially able to retain counsel. His discussion with the municipal judge concerning counsel occurred a week before the trial. Gilchrist was free on bail during that time and he could have discussed the case with his lawyer. Nevertheless, he appeared in court without counsel and proceeded to trial. His ploy in filing a so-called "cross-petition" against Ms. Cunningham, his accuser, to compromise the prosecutor and obtain a free defense is not helpful to his cause, as it appears to be a sophisticated maneuver to manipulate the criminal justice system to his advantage. His explanation that he thought the prosecutor would thereby be required to defend him lacks credibility, as stated by the district court judge. We hold Brad Lee Gilchrist made a knowing and intelligent waiver of his right to counsel at the trial.

After Mr. Gilchrist was found guilty of battery, the municipal judge continued the date for sentencing until the next day, December 21. The appellant continued free on bond under the same circumstances as we have previously noted. He appeared for sentencing the next day and asked to have his attorney present for sentencing. The court advised him he had the right of appeal with a de novo trial and an automatic stay. There is validity to that statement but the constitutional right to counsel does not recognize the distinction. An accused has the right to counsel at the sentencing stage of criminal trial proceedings. Once Gilchrist had advised the court he wanted counsel with

him for the sentencing, he was entitled to a continuance in order to retain an attorney for that proceeding.

The judgment of the trial court is reversed and Brad Lee Gilchrist ordered released under a writ of habeas corpus and ordered to return to the municipal court of the City of Osawatomie for resentencing.

NOTE: The suggested waiver of counsel form referred to on page 209 appears in full on page 212.

212

SAMPLE WAIVER

FOR THE CITY OF _____, _____ COUNTY, KANSAS

CITY OF _____,
                Plaintiff,

                                    (Municipal Court Identi-
                                    fication No. ___ _____)

        vs.

_____ ___ _____, Accused Person

## WAIVER OF COUNSEL

The undersigned acknowledges that he or she has been informed by the Municipal Court of the charges against him or her, of the possible penalty, of the nature of the proceedings before the Court, of his or her right to have counsel appointed to represent him or her, if he or she is financially unable to obtain counsel and is determined to be indigent, all of which the undersigned fully understands. The undersigned now states to the Court that he or she does not desire to have counsel, either retained or appointed, to represent him or her before the Court, and wishes to proceed without counsel.

_____

SUBSCRIBED AND SWORN TO before me this ____ day of _____, 19___.

_____

I hereby certify that the above named person has been fully informed of the charges against him or her and of the accused's right to have counsel, either retained or appointed, to represent the accused at the proceedings before this Court and that the accused has executed the above waiver in my presence, after its meaning and effect have been fully explained to the accused, this ____ day of _____, 19___.

_____
JUDGE OF THE MUNICIPAL COURT