NOT DESIGNATED FOR PUBLICATION

No. 114,828

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANTHONY DOUGLAS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed October 7, 2016. Affirmed.

*Michael P. Whalen*, and *Krystle M.S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

Before MALONE, C.J., SCHROEDER, J., and WALKER, S.J.

*Per Curiam*: Anthony D. Douglas appeals the district court's summary denial of his K.S.A. 60-1507 motion. In his motion, Douglas sought to have his municipal court conviction for driving under the influence (DUI) overturned, arguing that the Sedgwick County jail's policy of detaining anyone arrested for DUI for a minimum time before allowing them to post bail violated his state constitutional rights. The district court denied his motion, finding that K.S.A. 60-1507 does not apply to municipal cases.

1

On appeal, Douglas argues that the district court should have reviewed his motion under K.S.A. 2015 Supp. 60-1501. But even if the district court had done so, it would have lacked jurisdiction to consider the merits of the claim because Douglas had not filed the motion in the proper court. Thus, we affirm the district court's judgment.

FACTS

In November 2012, Douglas was arrested and charged with DUI, second offense. He ultimately pled no contest to the charge and was sentenced to serve 180 days in jail. The sparse record on appeal does not suggest that Douglas appealed his conviction to the district court.

On August 27, 2014, Douglas filed a motion in Sedgwick County District Court for habeas corpus under K.S.A. 60-1507 to have his sentence vacated and his conviction set aside in the DUI case. The motion stated that Douglas "is currently being detained at the Hutchinson Correctional Facility" in Reno County. The motion claimed that soon after Douglas was arrested for DUI, he had requested a phone call to make arrangements to post bail. According to Douglas, Sedgwick County jail staff denied his request because jail policy required that anyone arrested on suspicion of DUI serve a mandatory minimum number of hours in jail before being allowed to post bail or otherwise be released. Relying on *State v. Cuchy*, 270 Kan. 763, 772, 19 P.3d 152 (2001), Douglas argued that the jail policy violated clear Kansas Supreme Court precedent that mandatory minimum detention periods for those arrested for DUI are unlawful and violate the state constitutional right to make bail. Douglas' motion asserted that the unlawful detention impacted his ability to prepare a defense because he was unable to contact a lawyer for assistance or to have additional lab testing to show he was not intoxicated.

The district court denied Douglas' motion without holding a hearing, concluding that the motion addressed a municipal court conviction and "K.S.A. 60-1507 does not apply to municipal cases." Douglas timely appealed to this court.

ANALYSIS

On appeal, Douglas argues that the district court erred in not interpreting his pro se K.S.A. 60-1507 motion as a K.S.A. 2015 Supp. 60-1501 motion. The State counters that even if the district court had reviewed his motion under K.S.A. 2015 Supp. 60-1501, the district court would have lacked jurisdiction to reach the merits of Douglas' claim because the motion was not filed in the proper court.

Kansas courts liberally construe pro se pleadings and motions based on the document's content rather than the labels and forms used by the defendant. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial. In determining whether the district court correctly interpreted a pro se pleading, this court independently reviews the matter, with no required deference to the district court's conclusion. *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014) (citing *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 [2010]). Whether jurisdiction exists is a question of law, which this court reviews independently. *Norris v. Kansas Employment Security Bd. of Review*, 303 Kan. 834, 837, 367 P.3d 1252 (2016).

Section 8 of the Kansas Constitution Bill of Rights guarantees the right to seek a writ of habeas corpus. That right is codified at K.S.A. 60-1501 *et seq*. A person may seek habeas corpus relief under two provisions, which serve different purposes:  K.S.A. 2015 Supp. 60-1501 or K.S.A. 60-1507. Generally, prisoners use K.S.A. 2015 Supp. 60-1501 to challenge the mode or conditions of their confinement, including administrative actions by the prison or other penal institution; K.S.A. 60-1507 is typically used to challenge a prisoner's conviction or sentence. *Safarik v. Bruce*, 20 Kan. App. 2d 61, Syl.

3

¶ 5, 883 P.2d 1211, *rev. denied* 256 Kan. 996 (1994); *Yancey v. State*, No. 111,003, 2015 WL 770204, at *2 (Kan. App. 2015) (unpublished opinion).

Douglas brought his motion under K.S.A. 60-1507, which provides:

"(a) *Motion attacking sentence*. A prisoner in custody under sentence of a court of general jurisdiction claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the state of Kansas, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may, pursuant to the time limitations imposed by subsection (f), move the court which imposed the sentence to vacate, set aside or correct the sentence." K.S.A. 60-1507(a).

The district court properly determined that it had no jurisdiction to consider Douglas' motion because K.S.A. 60-1507 applies only in cases where a person is attempting to vacate a sentence imposed by a court of general jurisdiction, and municipal courts are not courts of general jurisdiction. See *In re Habeas Corpus Application of Gilchrist*, 238 Kan. 202, 205-06, 708 P.2d 977 (1985); *Markovich v. City of Manhattan*, No. 106,567, 2012 WL 718975, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 293 Kan. 1107 (2012). By comparison, K.S.A. 2015 Supp. 60-1501 applies more broadly to "any person in this state who is detained, confined or restrained of liberty on any pretense whatsoever." Defendants are entitled to assert constitutional claims in K.S.A. 2015 Supp. 60-1501 motions to challenge the validity of a municipal court judgment. See *Gilchrist*, 238 Kan. at 206-07; *Markovich*, 2012 WL 718975, at *3 (citing *Paletta v. City of Topeka*, 20 Kan. App. 2d 859, 860-61, 893 P.2d 280 [1995]).

On appeal, Douglas argues that the district court should have interpreted his pro se K.S.A. 60-1507 motion as a K.S.A. 2015 Supp. 60-1501 motion because he was necessarily challenging Sedgwick County jail's administrative policies and the conditions

of his imprisonment. He cites *Markovich v. City of Manhattan* in support of his argument that the district court erred in not doing so.

The facts in *Markovich* are almost identical to the facts herein. In *Markovich*, the defendant filed a K.S.A. 60-1507 motion to challenge the validity of his municipal court conviction and sentence on several grounds. The defendant filed the motion in Riley County District Court although he was physically located in Reno County where he was serving a prison sentence on other charges. This court held that the Riley County District Court did not have jurisdiction to address the defendant's claims under K.S.A. 60-1507 because that habeas provision does not apply to municipal court convictions. However, this court agreed with the defendant that the district court should have reviewed his motion to determine if he was entitled to habeas corpus relief under K.S.A. 2015 Supp. 60-1501. 2012 WL 718975, at *2. Nevertheless, this court ultimately held that even if the district court had considered the defendant's habeas corpus motion under K.S.A. 2015 Supp. 60-1501, the motion was properly dismissed as being filed in the wrong county because a motion for relief under K.S.A. 2015 Supp. 60-1501 must be filed in the county where the petitioner is being restrained. 2012 WL 718975, at *3-4.

Under K.S.A. 2015 Supp. 60-1501, the petitioner must bring his or her motion "in the supreme court, court of appeals or the district court of the county in which such restraint is taking place." See also *Safarik*, 20 Kan. App. 2d 61, Syl. ¶ 5 (K.S.A. 2015 Supp. 60-1501 motion is "properly filed in the county of confinement."). Here, Douglas was in prison in Reno County but brought his motion in Sedgwick County District Court. Consistent with the holding in *Markovich*, even if the district court had reviewed Douglas' motion under K.S.A. 2015 Supp. 60-1501, the motion was properly dismissed because it was filed in the Sedgwick County District Court while Douglas is serving a prison sentence in Reno County. See *Markovich*, 2012 WL 718975, at *4. Moreover, a petition under K.S.A. 2015 Supp. 60-1501 would only be appropriate if Douglas was challenging the mode or conditions of his confinement at the Hutchinson Correctional

Facility. Douglas is attempting to challenge the detention policy of the Sedgwick County jail, but the record reflects that he is no longer being confined in that institution.

In summary, the district court herein correctly determined that it had no jurisdiction to hear Douglas' motion pursuant to K.S.A. 60-1507. Even if the district court had considered Douglas' habeas corpus motion under K.S.A. 2015 Supp. 60-1501, the motion was properly dismissed as being filed in the wrong county. If a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision. *State v. Murray*, 285 Kan. 503, 533, 174 P.3d 407 (2008).

Affirmed.