NOT DESIGNATED FOR PUBLICATION

No. 127,461

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES M. COCHRAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Submitted without oral argument. Opinion filed April 18, 2025. Affirmed in part and dismissed in part.

*Wendie C. Miller*, of Kechi, for appellant, and *James M. Cochran*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ATCHESON, P.J., COBLE and PICKERING, JJ.

PER CURIAM: In 2013, James M. Cochran pleaded no contest to three counts of rape of a minor under the age of 14. He has filed multiple appeals over the past decade, including a direct appeal of his conviction, an appeal of the denial of his postconviction motions, and two appeals of the denial of his K.S.A. 60-1507 motions, none of which have been successful. The subject of this appeal is his request for a nunc pro tunc order in the district court, claiming that the journal entry of judgment omitted additional true matter, specifically his criminal intent. The district court denied his request and Cochran filed a motion to reconsider. While his motion to reconsider was pending, Cochran filed a

notice of appeal of the denial of his request for a nunc pro tunc order. The district court later denied Cochran's motion to reconsider, but he did not file a separate notice of appeal of that order. For the reasons articulated below, we affirm the district court's denial of Cochran's motion for a nunc pro tunc order but dismiss his appeal of the denial of his motion to reconsider for lack of jurisdiction.

FACTUAL AND PROCEDURAL BACKGROUND

*Conviction and Sentence*

The relevant facts underlying Cochran's convictions are set forth in our previous opinion in *State v. Cochran*, No. 110,019, 2014 WL 4080162, at *1-2 (Kan. App. 2014) (unpublished opinion). In short, Cochran called for an escort service and had sex with a 13-year-old at his house on three occasions. The State charged Cochran with three counts of rape under K.S.A. 2010 Supp. 21-3502(a)(2) (now codified under K.S.A. 21-5503[a][3]) for engaging in sexual intercourse with a minor under the age of 14.

In exchange for the State's recommendation for a departure to the guidelines sentence, Cochran pleaded no contest following a plea agreement. During the plea hearing, when asked if he understood the State's summary of the evidence, Cochran responded, "Yes." Cochran also responded that he did not challenge or contest the summary of facts and affirmed that he knowingly committed an act of intercourse three different times as set forth in the State's complaint. Cochran's counsel agreed that there was a sufficient factual foundation for a no contest plea. The district court accepted Cochran's plea of no contest and found him guilty of all three counts of rape of a minor under the age of 14 pursuant to K.S.A. 2010 Supp. 21-3502(a)(2).

During the sentencing hearing, Cochran testified that the victim told him she was 18 or 19 years old, and he was devastated when he learned she was only 13. Although the

2

district court departed to the sentencing grid, the court denied Cochran's motion for an additional durational departure to one-half the guidelines sentence and sentenced him to a total of 332 months in prison. Cochran appealed and our court upheld his conviction and sentence. 2014 WL 4080162, at *6.

*Collateral Attacks*

While that appeal was pending, Cochran filed a pro se motion with the district court for transcripts under K.S.A. 22-4509 to pursue an appeal in the federal court. *State v. Cochran*, No. 113,935, 2016 WL 3597606, at *1 (Kan. App. 2016) (unpublished opinion). The district court denied his motion and this court, finding no error, affirmed the district court's denial. 2016 WL 3597606, at *2-3.

Cochran also filed a postconviction motion for DNA retesting and a motion to inspect DNA evidence. The district court denied both motions and Cochran again appealed. This court affirmed the district court's denial, and our Supreme Court denied his petition for review. *State v. Cochran*, No. 119,635, 2019 WL 3759169, at *4 (Kan. App. 2019) (unpublished opinion).

Later, Cochran filed his first pro se motion under K.S.A. 60-1507, raising various claims of ineffective assistance of counsel, including a claim that his counsel should have raised a mistake-of-fact defense to argue he could not have been guilty of rape because he did not know his victim was only 13 years old. *Cochran v. State*, No. 122,091, 2020 WL 6816336, at *1-2, 5 (Kan. App. 2020) (unpublished opinion). The district court denied Cochran's K.S.A. 60-1507 motion, and this court affirmed the district court's denial on appeal. 2020 WL 6816336, at *5. On the mistake-of-fact issue, this court found that, because Cochran entered a plea, both he and his counsel raised the issue at "every stage" of the proceedings, and the fact that he did not know the victim was only 13 years old was one basis for his departure motion. 2020 WL 6816336, at *5. "Cochran's trial

3

attorney did not err in not raising a mistake of fact defense because there was no defense to raise." 2020 WL 6816336, at *5.

Most recently, Cochran filed a second motion under K.S.A. 60-1507, claiming he was actually innocent, in part because the State failed to prove an essential element of the crime—that the victim was under 14 years of age. *Cochran v. State*, No. 126,221, 2025 WL 819851, at *2 (Kan. App. 2025) (unpublished opinion). The district court found his motion was untimely and he failed to demonstrate manifest injustice or a colorable claim of actual innocence, and on appeal, our court affirmed the district court's decision. 2025 WL 819851, at *5.

*The Present Case*

In 2023, Cochran filed a motion asking the district court to issue a nunc pro tunc order to correct the judgment form from his conviction. Cochran claimed that the judgment form was based on a record that lacked evidence showing he committed the rape intentionally and not accidentally, citing *State v. Dinkel*, 314 Kan. 146, 495 P.3d 402 (2021), as support. Cochran argued that due process demands the State must prove every element of the crime with which he was charged beyond a reasonable doubt, and the judgment form must be amended to reflect as such. He contends the judgment form should reflect his conduct was specifically "accidental" rather than "intentional."

The State responded that Cochran's request for a nunc pro tunc order was a motion to correct illegal sentence, as he cited to K.S.A. 22-3504. The State argued that Cochran should be denied relief because K.S.A. 22-3504 does not permit the district court to address the constitutional challenge raised by Cochran in his motion.

On December 8, 2023, the district court denied Cochran's nunc pro tunc request, finding that he failed to present a substantial question of law or fact, that the journal entry

4

was proper and conformed to the law, and that the sentence was legal. The district court's minute order also stated that Cochran's claim that his sentence was unconstitutional cannot be brought in a motion to correct illegal sentence, referencing the State's response to Cochran's motion.

Cochran then filed a motion to reconsider on December 28, 2023, this time specifically asking the district court to reconsider the denial of his motion under K.S.A. 22-3504(b)—which he titled "Nunc Pro Tunc Relief." Cochran claimed the district court misconstrued his request for a nunc pro tunc order as a motion to correct an illegal sentence based on a constitutionality issue. He asserted that his request for a nunc pro tunc order was only a motion pursuant to K.S.A. 22-3504(b) and did not allege that his sentence violated a constitutional provision.

Before the district court disposed of his motion to reconsider, Cochran timely appealed the district court's denial of his motion for nunc pro tunc order on January 16, 2024.

About a month after the notice of appeal was filed, the district court denied Cochran's motion to reconsider. In a series of three minute orders, none of which specified the motion each order was adjudicating, the district court found Cochran failed to present a substantial question of law or fact and that Cochran failed to present anything that would change the court's ruling. Cochran did not file an appeal of the district court's denial of his motion to reconsider his request for a nunc pro tunc order.

DID THE DISTRICT COURT ERR BY DENYING COCHRAN'S
REQUEST FOR A NUNC PRO TUNC ORDER?

Cochran argues that the district court erred by denying his request for a nunc pro tunc order because the judgment form failed to include additional true matter.

5

Specifically, Cochran asserts the form should have reflected that he harbored criminal intent when he committed the crime of rape as required under K.S.A. 2010 Supp. 21-3201. Cochran claims K.S.A. 22-3426 requires criminal intent be included in the judgment form and that K.S.A. 22-3504(b) is the correct procedural vehicle to bring his claim to correct this clerical mistake.

Before digging into the merits of Cochran's arguments on the nunc pro tunc order, we address some initial concerns. First, although he was appointed counsel to pursue his appeal, Cochran also filed an appellate brief pro se. This does not substantively affect the arguments we address, as the arguments contained in his pro se brief and his counsel's brief are largely consistent in material ways.

But we lack jurisdiction over the denial of Cochran's motion to reconsider, as he did not file a notice of appeal from his motion to reconsider, so the district court's denial of the motion is not properly before us. Both parties cite to *Ponds v. State*, 56 Kan. App. 2d 743, 437 P.3d 85 (2019), to support their positions, although Cochran seems to concede in his reply brief that "[n]otwithstanding the decision in *Ponds*," he may be better served by relying instead on Supreme Court Rule 2.03(a) and (b) (2025 Kan. S. Ct. R. at 14-15).

In *Ponds*, as here, the defendant's timely motion to reconsider the district court's decision followed by a notice of appeal that was otherwise premature, allowed that notice of appeal to ripen to permit consideration of the district court's initial order in the appeal. But the defendant's failure to file a separate notice of appeal from the later denial of his motion to reconsider resulted in the appellate court lacking jurisdiction to consider the denial of the motion to reconsider. 56 Kan. App. 2d at 754.

Cochran relies on Supreme Court Rule 2.03, arguing his notice of appeal identified both the district court's original order denying relief and his pending motion to

6

reconsider, so we have jurisdiction over his appeal of the denial of his motion to reconsider. Supreme Court Rule 2.03(a) allows a premature notice of appeal to become effective if it "identifies the judgment or part of the judgment from which the appeal is taken with sufficient certainty to inform all parties of the rulings to be reviewed on appeal." Rule 2.03(a) (2025 Kan. S. Ct. R. at 14). Supreme Court Rule 2.03(b) requires an appeal from a motion to amend a judgment under K.S.A. 60-259(f) to be filed within 30 days. Cochran reasons that his premature notice of appeal was filed after his motion to reconsider, and specifically identified his motion to reconsider, which gave this court and the parties notice of what he was appealing.

But a reading of his notice of appeal tells a different story:

"Notably, the appellate court has jurisdiction over this appeal because this notice of appeal was not out of time since it was filed while a timely motion under K.S.A. 60-252(b) and K.S.A. 60-259(f) is pending. Accord K.S.A. 60-2103(a), cf. *Ponds v. State*, 56 Kan. App. 2d 743, 437 P.3d 85 (2019) (Although the notice of appeal was filed before the district court ruled on the motion for reconsideration [§ 60-259(f) motion], the act did not deprive the appellate court of jurisdiction.); *State vs. Swafford*, 306 Kan. [537,] 543[, 394 P.3d 1188 (2017)]."

This language in Cochran's notice of appeal does not signal to the courts, or the parties, that he intends to appeal anything in the district court's ruling on the motion to reconsider or discuss anything about the substance of the motion to reconsider. The cases he cites in his notice only signal to the court that his filing of the motion to reconsider tolled his time to file his notice of appeal, and even if his notice of appeal was premature, the notice would ripen upon the district court's final order. But nothing in this notice, as written, saves Cochran from his failure to file an appeal from the district court's order denying his motion for reconsideration. Because of this, Supreme Court Rule 2.03 does not save Cochran, and we lack jurisdiction over the denial of his motion to reconsider. *Ponds*, 56 Kan. App. 2d at 754.

*General Legal Principles on the Nunc Pro Tunc Issue*

Whether a nunc pro tunc order is required "necessarily involves the interpretation of Kansas statutes" and "presents a question of law over which appellate courts have unlimited review." *State v. Turner*, 317 Kan. 111, 113-14, 525 P.3d 326 (2023). Also, to the extent that Cochran is appealing the denial of his motion for a nunc pro tunc order under K.S.A. 22-3504(b), whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law to which this court applies unlimited review. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

*There is no clerical error in the journal entry which necessitates correction.*

Cochran claims the reference to K.S.A. 2010 Supp. 21-3502(a)(2) in the journal entry—the crime of conviction—is misleading, because his criminal intent was never proven, and intent was absent from the journal entry of judgment. To remedy this alleged error, he argues that a nunc pro tunc order should be entered to reflect criminal intent, and K.S.A. 22-3504(b) provides the proper procedural vehicle to do so. Cochran also suggests that the statute outlining the requirements for the form and content of a journal entry, K.S.A. 22-3426, requires criminal intent to be included in the journal entry. We find none of Cochran's arguments compelling.

First, nothing in K.S.A. 22-3426 requires the elements of any crime to be included in the journal entry. In fact, Cochran does not identify any item in the list of those clearly delineated within K.S.A. 22-3426 which is not included in the journal entry. He cites *State v. Andrews*, 5 Kan. App. 2d 678, 623 P.2d 534 (1981), as support for his argument, but that case does not help his cause. In *Andrews*, the journal entry omitted a statement reflecting the defendant's waiver of counsel in writing. The Court of Appeals there found: "Where the journal entry is merely incomplete and subject to correction to reflect the truth of what has in fact occurred, the judgment may be affirmed upon an entry nunc pro

8

tunc." 5 Kan. App. 2d at 681. But, if the event required by statute did not actually occur, the result is reversible error, and the journal entry cannot be remedied by a nunc pro tunc order. 5 Kan. App. 2d at 681.

Here, though, we do not have an incomplete journal entry. The statute upon which Cochran relies, K.S.A. 22-3426, does not require the elements of a crime to be contained within the journal entry, and this statute offers him no basis for relief. A nunc pro tunc order is used only to correct what amounts to a clerical or scrivener's error. K.S.A. 22-3504(b); see *State v. Peters*, 319 Kan. 492, 524, 555 P.3d 1134 (2024). Because there is no clerical error in the journal entry, there is no error to be corrected, and Cochran's appeal lacks merit on that basis alone.

*Cochran's Intent Argument*

Although not necessary to decide his appeal, we do acknowledge that Cochran is repeating a version of the same legal fallacy in many of his challenges to his conviction. What Cochran presents is an argument that he lacked the necessary intent to commit statutory rape under the prior criminal code, K.S.A. 2010 Supp. 21-3502(a)(2) (now codified under K.S.A. 21-5503[a][3]) because he did not know the victim was under the age of 14. He takes a single sentence from *Dinkel* out of context to support his argument.

In *Dinkel*, our Supreme Court was considering a conviction for statutory rape under the present criminal code and compared it to what was required under the earlier code. The court observed that the current crime now requires no criminal intent, but under the earlier code, as a felony, it did require criminal intent. On this basis, Cochran argues that he lacked the requisite criminal intent because he did not know the victim was under 14. But as *Dinkel* explained, the former statutory rape offense required a "general intent" that applied to the sex act itself—that is, the offender must have the intent to have sexual intercourse with the victim. 314 Kan. at 159. The intent did not include knowing

9

the age of the victim. So, the crime had a strict liability component on the element of the victim's age. 314 Kan. at 160 ("The crime of statutory rape is historically considered a strict liability offense—but regarding the offender's knowledge of the victim's age, not the sexual intercourse."). The court cites a law review article analyzing laws across the country for this rule. In Kansas, this is the generally accepted rule. See Carpenter, *On Statutory Rape, Strict Liability, and the Public Welfare Offense Model*, 53 Am. U. L. Rev. 313, 387 n.409 (2003) ("'Proof of criminal intent does not require proof that the accused had knowledge of the age of a minor, even though age is a material element of the crime with which he is charged.'") (quoting K.S.A. 1994 Supp. 21-3202[2]); *State v. Fore*, 17 Kan. App. 2d 703, 704-05, 843 P.2d 292 (1992) (affirming that the statute precludes a mistake-of-age defense in a sexual offense case); accord *State v. Rush*, 24 Kan. App. 2d 113, 115, 942 P.2d 55 (1997) (interpreting the statute to be a strict liability crime and stating that "the very act of engaging in sexual intercourse with a child under 14 years of age establishes the crime [of statutory rape]"); see Annot. 46 A.L.R.5th 499, § 2[a].

Our own court explained the historical character of statutory rape—as a strict liability offense on the element of the victim's age—in *State v. Spackman*, No. 122,021, 2021 WL 4929156, at *3 (Kan. App. 2021) (unpublished opinion):

> "Assuming § 1 even reaches this aspect of K.S.A. 2020 Supp. 21-5503(a)(3), we are unpersuaded the treatment of the child's age is constitutionally infirm, especially given the deep historical roots of statutory rape as a crime that does not require the perpetrator's knowledge of the victim's age. See [*State v.*] *Thomas*, 313 Kan. [660,] 664[, 488 P.3d 517 (2021)] (noting longstanding recognition of 'constitutional validity' of statutory rape under Kansas law); see also 65 Am. Jur. 2d, Rape § 11 (public policy interests in criminalizing statutory rape); 6 Am. Jur. 2d, Proof of Facts § 63, Mistake as to Age of Statutory Rape Victim § 1 (historical basis for crime). Protecting children under 14 years of age from sexual exploitation at the hand of adults, even if they ostensibly consent, is a compelling governmental interest. For the most part, children of that age

10

lack the maturity to make well-reasoned decisions about engaging in sexual relations and may be manipulated (often easily) by much older adults. Statutory rape laws, such as K.S.A. 2020 Supp. 21-5503(a)(3), place the risk of error on the adult and thus deter sexual conduct if there is doubt about the other participant's age. That's sufficiently focused to survive constitutional examination. And the deterrent effect undercuts Spackman's foundational premise. Narrow tailoring doesn't necessarily require the most exacting standard—here, requiring an adult to have actual knowledge of a sexual partner's age—to be constitutionally acceptable where the regulated conduct is itself socially undesirable and commands no constitutional protection. See *State v. Mossman*, 294 Kan. 901, 910-11, 281 P.3d 153 (2012) (recognizing typically exploitive nature of sexual relations between adult and underage teen)."

As articulated by these cases and rationale from our appellate courts, the arguments Cochran has repeatedly presented about his knowledge, or lack thereof, regarding the age of the victim in this case will never gain traction. The underlying legal premise he presents—that the strict liability component extended to age—is simply false. Cochran misunderstands the general intent requirement for statutory rape under the law in effect when he committed the acts.

*Conclusion*

For the reasons stated above, we affirm the district court's denial of Cochran's motion for a nunc pro tunc order and dismiss his appeal of the district court's denial of his motion to reconsider for lack of jurisdiction.

Affirmed in part and dismissed in part.

11